IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| SEASONS USA, INC., and SEASONS (HK) LTD., | § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | Case No. 2:22-cv-00416-JRG-RSP |
| FUN WORLD, INC. and EASTER UNLIMITED, INC., | § § § § | |
| *Defendants*. | § § | |

## MEMORANDUM ORDER

Before the Court, Defendants Fun World, Inc. and Easter Unlimited, Inc. move to transfer pursuant to 28 U.S.C. § 1404(a) to the Eastern District of New York ("EDNY"). **Dkt. No. 17.** Having considered the motion, it is **DENIED.**

### I.   BACKGROUND

Plaintiffs Seasons USA, Inc. and Seasons (HK) Ltd. (collectively "Seasons") filed suit on October 21, 2022, alleging copyright infringement. Dkt. No. 1. Namely, Plaintiffs assert U.S. Copyright Nos. VAu 1-284-994, VA 1-951-814, VAu 1-393-021, VA 1-894-928, VA 1-951-823, VA 1-925-299, and VAu 1-231-331 ("Asserted Copyrights") against several works offered by Defendants. *See* Dkt. No. 1 ¶¶7,9. The Motion was filed on February 27, 2023, and is fully briefed. Dkt. No. 21 ("the Response"); Dkt. No. 25 ("the Reply"); Dkt. No. 29 ("the Sur-reply").

### II.   LEGAL STANDARD

A federal district court may transfer a case "for the convenience of parties and witnesses" to "any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Section 1404(a)'s threshold inquiry is whether the case could initially have been brought in the proposed

transferee forum. *In re Volkswagen AG*, 371 F.3d 201, 202-03 (5th Cir. 2004) ("*Volkswagen I*"). The question of whether a suit "might have been brought" in the transferee forum encompasses subject matter jurisdiction, personal jurisdiction, and propriety of venue. *Id.* at 203. Only if this statutory requirement is met should the Court determine whether convenience warrants a transfer of the case. *See Id.*; *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 312 (5th Cir. 2008) ("*Volkswagen II*"). The burden to prove that a case could have been brought in the transferee forum falls on the party seeking transfer. *See Volkswagen II*, 545 F.3d at 315; *Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963). Once the moving party has established the instant case could have been brought in the transferee forum, the Court moves on to consider the private and public factors provided in *Volkswagen I*.

The private interest factors are "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen II*, 545 F.3d at 315 (quoting *Volkswagen I,* 371 F.3d at 203). The public interest factors are "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id.* (quoting *Volkswagen I*, 371 F.3d at 203) (alterations in original). The factors are neither exclusive nor exhaustive, and no one factor is dispositive. *Id.*

The burden to prove that a case should be transferred for convenience falls squarely on the moving party. *Id.* Although the plaintiff's choice of forum is not a separate factor, respect for the plaintiff's choice of forum is encompassed in the movant's elevated burden to "clearly demonstrate" that the proposed transferee forum is "clearly more convenient" than the forum in which the case

was filed. *Id.* at 314-15. While "clearly more convenient" is not necessarily equivalent to "clear and convincing," the moving party "must show materially more than a mere preponderance of convenience, lest the standard have no real or practical meaning." *Quest NetTech Corp. v. Apple, Inc.*, No. 2:19-cv-118, 2019 WL 6344267, at *7 (E.D. Tex. Nov. 27, 2019). In considering a transfer under § 1404(a), the Court may consider undisputed facts outside of the pleadings but must draw all reasonable inferences and resolve factual disputes in favor of the non-movant. *See Vocalife LLC v. Amazon.com, Inc.*, No. 2:19-cv-00123, 2019 U.S. Dist. LEXIS 205696, 2019 WL 6345191, at *2 (E.D. Tex. Nov. 27, 2019); *cf. Trois v. Apple Tree Auction Cent. Inc.*, 882 F.3d 485, 492-93 (5th Cir. 2018) (reviewing a transfer under § 1406); *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009) (reviewing enforcement of a forum-selection clause).

### III. ANALYSIS

#### A. Whether the Case Could Have Been Brought in EDNY

Defendants assert and Plaintiffs do not contest that the suit could have been brought in the EDNY. Motion at 6-7; *see* Response. Therefore, finding that the threshold determination is satisfied, the Court turns to the private and public interest factors outlined in *Volkswagen II*.

#### B. Private Interest Factors

##### i. Ease of Access to Sources of Proof

The "relative ease of access to sources of proof" factor concerns "documents and other physical evidence." Recognizing that electronic evidence is equally accessible in different forums, the Fifth Circuit recently held "[t]he location of evidence bears much more strongly on the transfer analysis when, as in *Volkswagen*, the evidence is physical in nature." *In re Planned Parenthood Fed'n of Am., Inc.*, 52 F.4th 625, 630 (5th Cir. 2022) (citing *Volkswagen II*, 545 F.3d at 316–17).

First, Defendants identify witnesses and employees within the transferee district, but the

Court notes that the proper place for weighing witnesses is in the subsequent factors. Second, Defendants indicate that the bulk of relevant evidence, "including documents relating to the development, design, manufacture, and sale of" the accused products are in EDNY. Motion at 8. Further, Defendants contend that no physical evidence is in this District. *Id.* In response, Plaintiffs agree that physical copies of the alleged infringing products are in EDNY, while physical copies of the copyrighted works are located in Bentonville, Arkansas. Response at 5. Plaintiffs assert that Bentonville, Arkansas's proximity to the EDTX results in the physical copyrighted works weighing against transfer. *Id.* Transfer would make access to the EDNY physical sources of proof easier but would result in access to the sources of proof in nearby Arkansas being more difficult. Therefore, the Court holds that the physical evidence factor is neutral.

Finally, the parties disagree regarding the weight to be afforded electronic evidence. Defendants assert that documents relating to the products are in EDNY but do not indicate in what format the documents are stored. Motion at 4-5, 8. Plaintiffs assert that their sources of proof are stored electronically in Arkansas or Hong Kong. Response at 5. Documents maintained in EDNY electronically and the documents stored electronically in Arkansas or Hong Kong are neutral. Without indication that the EDNY documents are stored in an otherwise non-digitally transferrable format, they do not weigh in favor of transfer. Therefore, the electronic evidence is neutral for both parties.

In summary, viewing all documentary evidence, physical and electronic, as neutral, this factor is neutral for the transfer analysis.

   ii. *Availability of Compulsory Process to Secure Attendance of Witnesses*

The availability of compulsory process factor addresses the Court's ability to secure the attendance of non-party witnesses. "When there is no indication that a non-party witness is willing,

the witness is presumed to be unwilling." *AGIS Software Dev. LLC v. Huawei Device USA Inc.*, No. 2:17-cv-00513, 2018 WL 2329752, at *6 (E.D. Tex. May 23, 2018)); *In re Planned Parenthood*, 52 F.4th at 630-31. Thus, this factor hinges upon the inherent limits of this Court's and EDNY's subpoena power over identified third-party entities.

> A subpoena may command a person to attend a trial… only as follows: (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person … (ii) is commanded to attend a trial and would not incur substantial expense.

Fed. R. Civ. Proc. 45(c)(1)(A) & (B)(ii).

Defendants indicate that "it is not clear whether non-party witnesses are going to be necessary" and broadly asserts that if any unwilling witnesses are necessary, they are likely located within the subpoena power of EDNY. Motion at 9. Plaintiffs likewise have not identified third-party witnesses who would necessitate the subpoena power of either forum. *See* Response. Without specific identification of third-party witnesses requiring subpoenas within either jurisdiction, the Court can neither weigh this factor in favor or against transfer.

### iii. Cost of Attendance for Willing Witnesses

The convenience of willing witnesses considers both party witnesses and willing third-party witnesses. Where the distance between two districts exceeds 100 miles, "the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *Volkswagen I*, 371 F.3d at 204-05.

Defendants identify Allen Geller and Phil Talio, President and Product Development Manager of Easter Unlimited respectively, as residing in EDNY. Motion at 4, 10. Plaintiffs identify Steve Waszkiewicz, Randy Williams, and William Gravelle located in Arkansas, Nevada, and Florida respectively as weighing against transfer since this District is closer to these witnesses than

5

is EDNY. Response at 6-8.

Given the record, the Court finds that Defendants have not demonstrated that a substantial number of the witnesses will be inconvenienced absent transfer such that the EDNY is clearly more convenient for the majority of willing witnesses. Plaintiffs' witnesses will be inconvenienced by travelling further to EDNY and Defendants' witnesses will be inconvenienced by travelling to this District. Therefore, the Court finds that this factor is neutral.

### iv. All Other Practical Problems

The fourth private interest factor addresses concerns rationally based on judicial economy. *Quest NetTech Corp. v. Apple, Inc.*, No. 2:19-cv-118, 2019 WL 6344267, at *6 (E.D. Tex. Nov. 27, 2019); *see Cont'l Grain Co. v. Barge FBL–585,* 364 U.S. 19, 26 (1960) (emphasizing the importance that judicial economy and efficiency play in a § 1404(a) analysis); *Volkswagen II,* 566 F.3d at 1351. Particularly, the existence of duplicative suits involving the same or similar issues may create practical difficulties that will weigh heavily in favor or against transfer. *Eolas Techs., Inc. v. Adobe Sys., Inc.*, No. 6:09-cv-446, 2010 WL 3835762, at *6 (E.D. Tex. Sept. 28, 2010), *aff'd In re Google, Inc.*, 412 F. App'x. 295 (Fed. Cir. 2011).

Defendants contend that the early stages of the case weigh in favor of transfer. Motion at 11. In response, Plaintiffs point to parallel litigation[1] in this District involving the same Asserted Copyrights. Response at 9; Sur-reply at 4. Defendants rely on *Seven Networks, LLC v. Google LLC* to support that the co-pending litigation should not weigh against transfer. Reply at 4 (citing 2018 U.S. Dist. LEXIS 146375, at *39 (E.D. Tex. 2018)).

The parallel litigation present in this district weighs against transfer since the majority of the factors are neutral and five cases involving the same asserted copyrights are within this District. *See*

---

[1] The Court notes that Case No. 2:22-cv-00400-JRG-RSP was dismissed without prejudice on May 17, 2023 (Dkt. No. 25). All other cases mentioned in the briefing are active.

*Seven Networks*, 2018 U.S. Dist. LEXIS 146375, at *39 (finding that the presence of a single parallel case could not be evaluated for this factor); *Oyster Optics, LLC v, Coriant Am. Inc.*, 2017 WL 4225202, at *7 (E.D. Tex. 2017) ("While certain cases warn against giving excessive weight . . . giving consideration of co-pending cases is not foreclosed). Further, the Court notes that of the remaining active cases none have defendants with live motions to transfer from this District.[2] Judicial economy would favor not transferring this case and requiring a second court to undertake examination of the Asserted Copyrights as this Court has done and will be doing in the many other cases before this Court. For these reasons, this factor weighs strongly against transfer.

    C.  <u>Public Interest Factors</u>

Defendants assert that all public factors except the local interest factor are neutral. Motion at 11. Plaintiffs contend that the first public factor is neutral and does not contest the third and fourth public factors. Response at 10. Accordingly, the Court finds that the first, third, and fourth public interest factors are neutral. Remaining in dispute is the second public interest factor, the local interest of each forum.

The local interest factor considers the events and facts giving rise to the controversy and does not stop at the consideration of where the parties are located. *See Volkswagen II*, 545 F.3d at 317-318 (indicating the proper consideration for this factor is the venue's connection to the events that gave rise to the suit).

Defendants assert that the claims lack connection to this District and point to Defendants' business location in EDNY to establish a local interest in favor of transfer. Motion at 13. Defendants assert that since the products are sold nationwide, a localized interest is not created by the alleged injury. Reply at 5. Plaintiffs respond that the products, while sold nationwide, were also

---

[2] Case No. 2:22-cv-00409-JRG-RSP, Dkt. No. 8, 44 (defendant filed a Motion to Dismiss or in the Alternative Transfer which was denied).

sold in this District, localizing the injury. Response at 10.

The local interest factor is neutral does weigh in favor of transfer. However, while Defendants have business locations in EDNY, this alone does not provide a significant connection to the events that gave rise to the suit such that transfer would be appropriate.

### IV.   CONCLUSION

Balancing all of the public and private factors, Defendants have not met their burden of demonstrating that EDNY is a clearly more convenient venue. Therefore, the Motion to Transfer (Dkt. No. 17) is **DENIED**.

**SIGNED this 24th day of August, 2023.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE